UNITED STATES DISTRICT COURT　　　　NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK

BANK OF AMERICA,

                         Plaintiff,

          - versus -

ROBERT ANGONA,

                        Defendant.

MEMORANDUM
AND ORDER
14-CV-1643 (JG)

JOHN GLEESON, United States District Judge:

        On March 14, 2014, defendant Robert Angona filed this *pro se* notice of removal, seeking to remove a pending civil action, Index Number 23710-09, against several other defendants and him from the Supreme Court of the State of New York, Queens County to this Court. I grant defendant's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order.

        I have examined the notice as required by 28 U.S.C. § 1455(b)(4). For the reasons set forth below, I determine *sua sponte* that removal is inappropriate and direct the Clerk of Court to remand the action to Supreme Court of the State of New York, Queens County.

        Defendant is one of the "John Doe" defendants named in pending civil action *Bank of America, N.A. v. Padilla et al.*, Index Number 23710-09, Supreme Court of New York, Queens County, an action regarding the foreclosure of the property located at 23-67 19th Street, Astoria, New York. According to documents filed *in Bank of America N.A. v. Padilla*, and attached to defendant's Notice of Removal, the action he seeks to remove was filed on September 1, 2009 and defendant filed his Answer, dated September 30, 2009, on October 6,

1

2009. Notice of Removal at 4, 6-7.[1]  Defendant alleges that this Court has jurisdiction over the action "because it involves disputes arising under the Constitution, laws or treaties of the United States.  There is a diversity of citizenship between the parties as the plaintiff is a foreign corporation and the defendant is a resident of the State of New York and the pending action involves federally registered securities." *Id.* at 2.

Section 1441(a) of title 28 of the United States Code provides that "any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court."  At all times the party asserting jurisdiction bears the burden of proof that jurisdictional and procedural requirements have been met.  *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F.Supp.2d 432, 437 (S.D.N.Y. 2006) (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000)).  Section 1446(a) of Title 28, which controls the procedure for removal, reads as follows:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).  A defendant must file notice for removal within thirty days. 28 U.S.C. § 1446(b).

"Defects in removal procedure, including lack of timeliness, are not jurisdictional." *Burr ex rel. Burr*, 478 F.Supp.2d at 437.  Even so, "[t]here is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse

---

[1] I refer to page numbers assigned by this court's electronic filing system.

prescribed procedures." *Codapro Corp. v. Wilson*, 997 F.Supp. 322, 325 (E.D.N.Y.1998) (internal quotation marks and citation omitted). If there is a defect in the removal procedure, courts are authorized to remand a case to the state court in which the action originated. 28 U.S.C. § 1447(c); *see also LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). The removing party bears the burden of demonstrating that the removal was procedurally proper. *See Wilds v. United Parcel Serv., Inc.,* 262 F.Supp.2d 163, 171 (S.D.N.Y. 2003) (citing *Hodges v. Demchuk*, 866 F.Supp. 730, 732 (S.D.N.Y. 1994)).

There are at least three deficiencies with defendant's Notice of Removal: he may not remove the action without the agreement of the other defendants, he does not attach the copy of all process, pleadings, and orders served upon him in the state action, and his notice is untimely under 28 U.S.C § 1446(b).

The most obvious deficiency is that Angona's removal is untimely. The federal removal statute, 28 U.S.C. § 1446(b), states in relevant part as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b). The thirty-day deadline for removal is "rigorously" enforced. *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) ("[A]bsent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement."); *see Evans v. Sroka*, No 01 Civ. 5806, 2001 WL 1160586, at *3 (S.D.N.Y. Oct. 2, 2001) ("This time limit, although not jurisdictional, is strictly construed and mandatorily enforced.") (citing 16 Moore's Federal Practice § 107.30[3][a] at 107–160 to 161 & n. 23 (3d ed.1999)).

Here, defendant failed to file his Notice of Removal within thirty days of service, as required by the statute. The Index number for the state court civil action is 23710-09, which indicates that it was filed in 2009; the initial pleadings, *i.e.,* the summons, verified complaint and notice of pendency, were filed on September 1, 2009; and defendant filed his answer on October 6, 2009. Although defendant objects in his answer to the method by which he was served, *i.e.* that he "found a copy of the summons and complaint affixed to the door of the premises," Notice of Removal at 6, it is evident that defendant received "through service or otherwise" the initial pleading more than 30 days before he filed the Notice of Removal. In fact, it was more than four years before. The Notice of Removal is therefore untimely under 28 U.S.C. § 1446(b).

The second obstacle to removal is a lack of demonstrated unanimity by all defendants. "Where there are multiple defendants, 'all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper.'" *Burr ex rel. Burr*, 478 F.Supp.2d at 437 (quoting *Miller v. First Sec. Invs., Inc.*, 30 F.Supp.2d 347, 350 (E.D.N.Y. 1998)); *see also Sleight v. Ford Motor Co.,* No. 10–CV–3629 (BMC), 2010 WL 3528533, at *1 (E.D.N.Y. Sept. 3, 2010) ("[I]n cases where there are multiple defendants, the Rule of Unanimity requires that 'all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper.'") (quoting *Burr ex rel. Burr*, 478 F.Supp.2d at 437) (additional citations omitted)); *see also Smith v. Kinkead*, No. 03–CV–10283, 2004 WL 728542, at *2 (S.D.N.Y. Apr. 5, 2004) ("[T]he removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty day period." (internal quotation marks omitted)). This is known as the rule of unanimity or the unanimity rule.

"Courts have very little discretion—if any—to forgive a failure to comply with the rule of unanimity." *Patrick v. Porter–Cable Corp.*, No. 10–CV–131, 2010 WL 2574121, at *3 (D.Conn. Apr. 1, 2010); *see also Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001) (noting that the unanimity rule is "strictly interpreted and enforced"). "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." *Codapro Corp. v. Wilson*, 997 F.Supp. 322, 325 (E.D.N.Y.1998) (citation omitted). Since the other served defendants did not provide consent to removal, and the time period for doing so has expired, the notice does not comply with the rule of unanimity, warranting remand. *See Burr*, 478 F.Supp.2d at 437 ("Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely.").

Finally, the defendant has not included, as is required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon such defendant in the civil action he seeks to remove from state court.[2]

## CONCLUSION

Accordingly, the notice of removal is denied and the action is hereby remanded to Supreme Court of the State of New York, Queens County. 28 U.S.C. § 1447. The Clerk of Court is directed to immediately send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, Queens County, note service on the docket, and close this case.

---

[2] Even setting aside removal procedure, Angona has not sufficiently alleged or shown a basis for this Court's subject matter jurisdiction. Section 1332(a) of Title 28 articulates the requirements for diversity jurisdiction, but defendant has not put forward any facts in his removal notice to establish that *all* of the parties are diverse, as is required for diversity jurisdiction, or to satisfy the amount in controversy requirement. Similarly, he has not put forward facts to support his assertion that federal question subject matter jurisdiction, 28 U.S.C. § 1331, would exist in this case.

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: April 18, 2014
      Brooklyn, New York